11 GAUDIN, Judge.
This is an appeal by Ms. Carla Grunberg from a March 31, 1997 judgment of the 29th Judicial District Court saying that decedent Mrs. Cora Barbara had not donated monies in a homestead to her prior to Mrs. Barbara’s death. We affirm.
Ms. Grunberg contends that the trial judge erred in his application of the rules peculiar to donations inter vivos to the arrangement between her and Mrs. Barbara. Also, appellant argues that she is due compensation for services rendered or at the very least there existed a natural obligation on the part of Mrs. Barbara to compensate her for services rendered.
Although Mrs. Barbara had added Ms. Grunberg’s name to the account’s passbook, the record indicates that Mrs. Barbara retained sole possession of the passbook until she died. She reported interest income to the IRS and she paid all taxes. Only her social security number was on the account. Accordingly, the trial judge did not err in finding that Mrs. Barbara had not divested herself of ownership of either the passbook or funds on deposit prior to dying.
Previously, in case No. 93-CA-818, e/w 819, this Court reversed a district court judgment granting Ms. Grunberg and Mr. Francis P. Lombardino the sum of $60,000.00 each under the doctrine of negotiorum gestio. This Court remanded for a hearing on whether Ms. Grunberg or Mr. Lombardino was entitled to any funds “... by virtue of transfer and/or gifts and/or ^compensation for services rendered.” On remand, apparently, the trial judge (different from the trial judge who had rendered the earlier judgment) did not hear testimony; instead, he ruled on what was before him.
The appealed — from judgment of March 31, 1997 is concerned only with the alleged existence of a donation inter vivos. In this judgment we see no error, there being no proof of any donative intent by way of notarial act or otherwise.
Regarding Ms. Grunberg’s claim for money for services rendered, there is no testimony or anything else before this Court in this case for review.
AFFIRMED.